FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

08 APR 14  AM 10: 05

| | |
|---|---|
| **WILLIAM DAVID CLEMENTS,** ) | Case No. 8:08cv165 OFFICE OF THE CLERK |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **METROPOLITAN UTILITIES** ) | |
| **DISTRICT, A Political Subdivision,** ) | |
| **JOHN HEMSCHEMEYER,** ) | **COMPLAINT** |
| **VICE-PRESIDENT OF HUMAN ,** ) | |
| **RESOURCES, Individually and in his** ) | |
| **Official Capacity,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## PRELIMINARY STATEMENT

This is a civil rights action brought pursuant to the Americans with Disabilities

Act of 1990, 42 U.S.C. § 12101, *et seq*. (hereinafter "ADA"); Age Discrimination in

Employment Act, 29 U.S.C. § 621, *et seq.* (hereinafter "ADEA); Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000 (e) et. seq., and 42 U.S.C. § 1983 to redress

violations of Plaintiff's constitutional rights under the Fourteenth Amendment to the

United States Constitution and the laws of the United States of America by William

David Clements, a 65 year old man with a disability, for damages against the Defendant

Metropolitan Utilities District (hereinafter "the District"), a political subdivision and the

Defendant John Hemschemeyer, Vice-President of Human Resources for the District, in

his individual and official capacity, for willfully denying him rights and privileges to

equal employment opportunities under the terms and conditions of his employment as

guaranteed under federal law; by denying him reasonable accommodations; maintaining a

hostile work environment; and in retaliating against him for bringing internal complaints

of intentional and willful discrimination against him by the District's Vice-President and federally protected external complaints and filings of willful and intentional discrimination with the Equal Employment Opportunity Commission.

Defendants' actions taken under color and authority of state law in furtherance of the official policy, practice, and custom of the District and with a reckless indifference to federally protected rights described hereinafter resulted in the taking of Plaintiff's property without due process of law and in violation of the Due Process Clause of the Fourteenth (14th) Amendment to the United States Constitution as well as a violation of Plaintiff's right to the equal protection of the laws under the Equal Protection Clause of the Fourteenth (14th) Amendment to the United States Constitution. Defendants further deprived Plaintiff of his liberty and property interests secured by his employment by violating the Defendant District's own policies and procedures which also regulated those terms and conditions of his employment.

## JURISDICTION AND VENUE

1.  The jurisdiction of this Court is based upon 28 U.S.C. § § 1331, 1343.

2.  The claims for relief arise under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e), *et. seq.*; § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; the Fourteenth Amendment to the United States Constitution; and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

2

3. Venue is properly laid in this court because the events made the basis of the suit occurred in Douglas County, Nebraska.

4. Plaintiff has complied with all conditions precedent to jurisdiction. Specifically, Plaintiff timely filed his charges of employment discrimination on the basis of age, disability, and retaliation with the Nebraska Equal Opportunity Commission (hereinafter "NEOC") and the Equal Employment Opportunity Commission (hereinafter "EEOC") and within 180 days of the unlawful employment practices. Plaintiff has timely filed this Complaint within 90 days of receipt of the notice of his right to sue.

## PARTIES

5. The Plaintiff William David Clements is 65 year old man and an individual with a disability, a citizen of the United States, and a resident of the City of Omaha, County of Douglas and State of Nebraska. He is and has been employed during all operative times as the Compensation and Benefits Director in the Human Resources Department of the Defendant District.

6. The Defendant Metropolitan Utilities District is a duly organized political subdivision under the laws of the State of Nebraska pursuant to Neb. Rev. Stat. § § 14-2101 *et. seq.* with its principal office located in the City of Omaha and the State of Nebraska and is a person within the meaning of 42 U.S.C. § 1983. The Defendant District has promulgated policies and procedures which operate as terms and conditions of employment for its employees, including the Plaintiff.

3

7. The Defendant John Hemschemeyer is sued both in his individual and official capacities. During all operative time periods alleged in the Complaint, he was the Vice-President of the Human Resources Department of the Defendant District; responsible for the District's compliance with all federal constitutional and statutory anti-discriminatory provisions including, *inter alia*, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the ADA, the ADEA, and Title VII. He was responsible for developing and ensuring compliance with all the Defendant District's employment policies and procedures, including compensation, salary determinations, benefits, hiring, promotion, and discharge from employment. He was the Plaintiff's supervisor during all operative times in the Complaint.

## FACTUAL ALLEGATIONS

8. Plaintiff to avoid repetition re-alleges and incorporates herein by reference, as if set forth at length, paragraphs 1-7.

9. That at all times relevant hereto, all of the Defendants were acting under color of pretense, custom, and practice of state law and under their powers and governmental authority; and that their actions and failures were the official policy, practice, and custom of the Defendant District.

10. William David Clements was hired on or about April 5, 2000 as the Compensation and Benefits Director in the Human Resources of MUD, reported directly to John Hemschemeyer, Vice President of Human Resources of MUD.

11. William David Clements has a recognized and diagnosed Axis One mental disability of Post-Traumatic Stress Disorder, chronic with delayed onset, and Major

4

Clinical Depression under the Diagnostic and Statistical Manual of the American
Psychiatric Association (DSM IV-TR).

12. Plaintiff was initially hospitalized at Richard Young Psychiatric Hospital in
Omaha for his current disability in 2001. The initial hospitalization in 2001 was followed
by subsequent hospitalizations at Richard Young in February of 2002 and October of
2002 with Electro-Shock Treatments (EST). Unlike many individuals who try to hide
their mental disability from their employers and supervisors, Plaintiff remained open and
completely candid about his condition with Defendant MUD and his supervisor,
Defendant Hemschemeyer.

13. Defendant Hemschemeyer subsequently demanded a complete psychiatric
examination of the Plaintiff prior to allowing him to return to work, which was performed
in November 2005 by Dr. Daniel Wilson, M.D., PhD of Creighton Institute for Medicine
and Law. Defendant Hemschemeyer, was informed of Plaintiff's diagnosis and
prognosis and that he had commenced therapy and treatment with a psychiatrist in
Omaha.

14. Starting in the Fall of 2002 and continuing unabated through February and
March of 2007 Defendant Hemschemeyer perceptively withdrew from Plaintiff, as if he
had a contagious disease, and as if Plaintiff' mental disability reflected ill of Defendant
Hemschemeyer's business judgment in hiring him. Additionally, the Defendant
Hemschemeyer made repeated negative and stereotypic comments about his age and
disability to Plaintiff personally and in the front of Plaintiff's fellow co-workers, *inter
alia.*: (a) "you know David, with your multiple diagnoses you could take short term
disability then long term disability and then retire…that sounds like that would be pretty

5

good for you." (b) " MUD's President neither understands nor respects anyone who
would want to work past age sixty" and requesting him to negotiate changes in MUD's
retirement plan to discourage it; (c) continually commented to Plaintiff and his co-
workers after his periodic hospitalizations or during an absence from work during an
acute flair up of his disability that "Plaintiff should come to work consistently or maybe
find some other opportunity." (d) stating to another supervisor that "I (Defendant
Hemschemeyer) "have tried to do everything that I could to get ride of him while he
(Plaintiff) was on medical leave but couldn't get it done because of fear of a law suit;"
(e) stating to the District's employees Occupational Health Nurse Marcel Miller and
Sharon Holewinski that "if we (the District) are lucky…he won't be returning from
medical leave;" (f) informing District employee Karen Merrill, that Plaintiff, "was a
loser, and didn't get it and if he (Plaintiff) returned from short term disability leave, he
was going to resign;" (g) accusing Plaintiff in front of fellow co-workers of "being
responsible for all the bad morale in the department because of his inconsistent
attendance;"

15.  Starting in the Fall of 2002 and continuing unabated through February of
2007 Defendant Hemschemeyer, *inter alia*: (a) rejected and refused to even discuss
Plaintiff's numerous requests for reasonable accommodation of a temporary schedule
change; (b) rejected Plaintiff' reasons for a late arrival time due to side effects of his
psychotropic medications causing drowsiness in the morning; (c) engaged in blatant
monitoring of Plaintiff' arrival times at work and constant criticism of his arrival times as
recently as February of 2007; (c) denied Plaintiff merit increases for the period from June
2004 through June of 2006 under the pretext of absences, but while granting merit

increases to an employee who did not have a disability and who had more absences; (d) continually criticizing Plaintiff for his failure to complete a Personnel Policy Manual while he knowingly and intentionally assigned a less competent assistant to Plaintiff and refused Plaintiff's reasonable accommodation request to have Plaintiff's assistant work with him on the project; (e) Defendant Hemschemeyer's refused to communicate verbally with Plaintiff and requiring only communication through e-mail whereas for those employees in the department without a disability he continued to meet with them personally; (f) continually telling Plaintiff to leave on short term disability and long term disability instead of working; (g) granting merit increases to fellow employees who did not have a disability while denying Plaintiff merit increases in 2004, 2005, 2006, and 2007; (h) willfully misrepresented the quality and quantity of the work performed by the Plaintiff as a pretext to justify his continued denial of merit increases to the Plaintiff; (i) refused Plaintiff's request for a reasonable accommodation of an adjustment to his work schedule for approximately one week while adjusting to the effects of a new medication taken for his disability under the pretext that he "couldn't do that or otherwise I'd have to change everyone's schedule;" (j) refused Plaintiff's request in April 2006 to approve overtime for an employee to assist him on a project.

16. During the years 2004 through 2007 the Defendant Hemschemeyer has taken duties away from Plaintiff and other similarly protected older employees and given those duties to younger employees in their 30s within the department.

17. In August of 2006 Plaintiff personally informed the President of MUD of the hostile and abusive workplace, as described in part in ¶¶ 14-16 within the Human Resource Department due to the severe and pervasive negative and stereotypic

7

comments and actions of the Defendant Hemschemeyer. The District failed to investigate the allegations, monitor the conduct and speech of Defendant Hemschemeyer or take any disciplinary action against him.

18. The Defendant District during the operative period of time in the Plaintiff's complaint has made changes which have an immediate adverse effect upon the working conditions of protected older workers, such as the Plaintiff, including, *inter alia.,* eliminating a separate increase in monthly pension income.

19. On or about April 2, 2007 the Plaintiff as a direct result of the exacerbation of his disability by the discriminatory actions and adverse work environment maintained by the Defendant Hemschemyer submitted his request for short term disability leave of 6 months.

20. The Plaintiff returned to work before the expiration of the short term disability leave and after his return to work the Defendants on or about October 1, 2007 refused to give the Plaintiff a general and progression pay increase following his return from sick leave despite Plaintiff's eligibility and repeated requests. Younger employees without a disability have been granted such pay increases following their return from sick leave.

21. On December 19, 2007 Plaintiff filed a retaliation charge with the NEOC and EEOC against the Defendants for their refusal to grant him a general and progression pay increase in violation of the District's policies. On December 24, 2007 Defendant Hemschemeyer requested Plaintiff help implement a general pay increase for another employee who does not have a disability.

8

22. On January 14, 2008, subsequent to Plaintiff's filing the retaliation charge with the NEOC/EEOC in December of 2007, Plaintiff was directed to report to Jim Zbylut, Manager of Human Resources rather than to Defendant Hemschemeyer and that Zbylut would be Plaintiff's supervisor. Plaintiff willing agreed to the change in supervision and did report to Zbylut and further conveyed his frustration to the president of the District about Defendant Hemschemeyer's continued discriminatory actions toward him. The president of the Defendant District never responded to Plaintiff about Plaintiff's requests concerning the Defendant Hemschemeyer.

23. Plaintiff requested the previously denied pay increases on or about January 14, 2008 from his new supervisor Jim Zbylut. Shortly thereafter, Zbylut reported to Plaintiff that Defendant Hemschemeyer informed him that Plaintiff would not receive the requested pay increases because of his filing the December 2007 retaliation charge with the NEOC/EEOC.

24. On January 16, 2008 and January 17, 2008 Plaintiff was informed that he would not be allowed to return to work; that he had been placed on an involuntary leave of absence; and he was ordered by the Defendants to submit to a second psychiatric examination by a psychiatrist selected by the Defendant District. As a result of the psychiatric examination he was determined capable of returning to work and functioning as Director of Compensation and Benefits but could not work under the supervision of Defendant Hemschemeyer.

25. On or about February 5, 2008 the Defendants prevented him from returning to his duties as Director of Compensation and Benefits and have placed him on short term disability effective from December 13, 2007 until June 21, 2008.

9

26. On February 25, 2008 Plaintiff requested as a reasonable accommodation from the Defendants that he return to his duties as Director of Compensation and Benefits, for which he was fully qualified and which duties he was capable of performing, and be supervised by Jim Zbylut of the Human Resource Department or another member of the department selected by the Defendants. On March 6, 2008 Plaintiff's supervisor as of January 14, 2008, Jim Zbylut, notified Plaintiff that even though he agreed that the Plaintiff's request was a reasonable accommodation, it was being denied and he could not return to work.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT

27. Plaintiff realleges paragraphs 1 through 26 herein.

28. Plaintiff is an individual with a disability, to wit: mental disability of Post-Traumatic Stress Disorder, chronic with delayed onset, and Major Clinical Depression that substantially limits one or more major life activities. He is otherwise qualified to perform the essential functions of his job as the Director of Compensation and Benefits for the Defendants.

29. Plaintiff has intentionally discriminated against Plaintiff because of his disability in the following particulars, to wit: (a) denied Plaintiff merit increases for the period from June 2004 through June of 2006 under the pretext of absences, but while granting merit increases to employees, who did not have a disability and to one employee who did not have a disability and who had more absences; (b) refused to grant

10

him a general and progression pay increase upon his return from short term disability leave in October of 2007 in violation of the District's policies while approving a pay increase for an employee who did not have a disability; (c) willfully misrepresented the quality and quantity of the work performed by the Plaintiff as a pretext to justify his continued denial of merit increases to the Plaintiff; (d) refusing to verbally communicate with the Plaintiff and communicating only through email when he would verbally communicate with other individuals in the department who did not have a disability; (e) refusing him to return to work from February 2008 on despite his ability to perform the essential functions and responsibilities of the job as Director of Compensation and Benefits.

30. Defendants have continually refused him reasonable accommodations, in the following particulars, to wit: (a) an adjusted work schedule to allow him to adjust to the side effects of his medications for his disability; (b) the help of a qualified assistant to facilitate the completion of a project; (c) the approval of overtime for an assistant to help on a project; (d) refused to allow him to report to and be supervised by Jim Zyblut so that he could resume his duties.

31. That as a direct and proximate result of the action of the Defendants jointly and severally as alleged, Plaintiff has been injured and as suffered damages in the amount of $252,000.00.

WHEREFORE, Plaintiff prays for judgment in his First Claim for Relief against the Defendants jointly and severally in the amount of $252,000.00; for reinstatement and a return to his position as Director of Compensation and Benefits; and for the recovery of his costs expended and for a reasonable attorney fee as provided by statute.

11

## SECOND CLAIM FOR RELIEF
## DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

32. Plaintiff realleges paragraphs 1 through 31 herein, as if fully set forth.

33. Plaintiff was born on March 16, 1943 and is currently 65 years of age and during all operative periods of time in the complaint was within the protected age of the ADEA.

34. Plaintiff has performed his duties successfully as an employee of the Defendant District from the date of his hire in August of 2000 until the time he was prohibited from continuing his duties in January of 2008.

35. Defendants have discriminated against the Plaintiff because of his age in the following particulars, to wit: (a) by the tolerance of the Defendant District after being informed of the discriminatory conduct and continued derogatory speech about older workers, by Defendant Hemschemeyer, such as " MUD's President neither understands nor respects anyone who would want to work past age sixty" (b) requesting Defendant Hemschemeyer to negotiate changes in MUD's retirement plan to discourage employees from working until age 65; (c) during the years 2004 through 2007 the Defendant Hemschemeyer took duties away from Plaintiff and other similarly protected older employees and given those duties to younger employees in their 30s within the department; (d) eliminating a separate increase in monthly pension income; (e) denying Plaintiff a pay increase upon return from sick leave or short term disability when younger employees without a disability have been granted such pay increases following their

12

return from sick leave; (f) the continued pattern and practice of denying Plaintiff wage increases during 2004, 2005, 2006, 2007 while granting those increases to younger employees.

36. The actions of the Defendants in ¶ 35 constitute a willful violation of 29 U.S.C. 623 and as such entitle the Plaintiff to recover double damages.

37. As a direct and proximate result of the discriminatory actions in ¶ 35 Plaintiff suffered damages in lost wages of $15,000.00, and future wages in an amount of $165,000.00 plus other fringe benefits, including pension contributions.

WHEREFORE, Plaintiff prays for judgment in his Second Claim for Relief that he be reinstated to his former position of Director of Compensation and Benefits; that due to the willful violation by the Defendants that his damages of $180,000.00 be doubled and a judgment be entered against the Defendants jointly and severally in the amount of $360,000.00; that costs of this action, including expert witness fees be taxed against the Defendants; and that the Plaintiff recover from the Defendants reasonable attorney fees incurred in the prosecution of this action.

## THIRD CLAIM FOR RELIEF
## DISCRIMINATION DUE TO DISABILITY BY CREATING AND MAINTAINING A HOSTILE WORK ENVIRONMENT

38. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 37 as if herein specifically set forth.

39. Defendant has discriminated against the Plaintiff, who was employed by the Defendant, on the basis of his disability in violation of Title VII of the Civil Rights Act of

1964 by creating and maintaining a hostile work environment as described in specific detail in ¶ ¶ 14 and 15 by the actions of its Vice-President and supervisor of Plaintiff in the following particulars, to wit: (a) failing to take prompt and immediate remedial action to eliminate or eradicate the hostile work environment when its employee, the Plaintiff, informed Defendant's Vice-President and his supervisor and the President of Defendant District on numerous occasions of the harassment of him due to his disability and age by the Defendant's supervisor; (b)in failing to promptly investigate Plaintiff's allegations of harassment due to his disability and age by his supervisor; and in failing to follow Defendant's own policies and procedures after Plaintiff notified his supervisor and the President of the Defendant District of the harassment of the Plaintiff due to his disability and age (c)in failing to maintain hiring policies and practices that provide a work environment free of harassment based upon a disability or perceived disability, such as the Plaintiff; (d) in failing to properly train, supervise, and monitor its management on the implementation and enforcement of policies and procedures that provide a work environment free of harassment based upon a disability or perceived disability. (e) that the hostile and abusive workplace maintained by the Defendants was severe and pervasive.

40. That as direct and proximate result of Defendants' unlawful actions, Plaintiff has been deprived of all the benefits and privileges of employment, has suffered extreme mental anguish, pain and suffering, and has caused Plaintiff to suffer damages in an amount of $500.000.00.

14

WHEREFORE Plaintiff prays for judgment in his Third Claim for Relief against the Defendants jointly and severally in the amount of $500,000.00; and for the recovery of his costs expended and for a reasonable attorney fee as provided by statute.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL RETALIATION FOR EXERCISE OF PROTECTED RIGHTS

41. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 40 as if herein specifically set forth.

42. Subsequent to Plaintiff filing his claim of Retaliation with the NEOC and EEOC on or about December 19, 2007 the Defendants took the following adverse employment actions against him, to wit: (a) on January 16, 2008 and January 17, 2008 Plaintiff was informed that he would not be allowed to return to work and he was ordered by the Defendants to submit to a psychiatric examination by a psychiatrist selected by the Defendant District. As a result of the psychiatric examination he was determined capable of returning to work and functioning as Director of Compensation and Benefits but could not work under the supervision of Defendant Hemschemeyer; (b) on or about February 5, 2008 the Defendants prevented him from returning to his duties as Director of Compensation and Benefits and have placed him on short term disability effective from December 13, 2007 until June 21, 2008; (c) despite Plaintiff's request on February 25, 2008 for a reasonable accommodation from the Defendants in that he return to his duties as Director of Compensation and Benefits and be supervised by Jim Zbylut of the Human Resource Department or another member of the department selected by the Defendants.

15

The Defendants on March 6, 2008 denied the Plaintiff's reasonable accommodation request.

43. Defendants stated reasons for the actions enumerated in ¶ 42 were a pretext and in retaliation for his notification of the NEOC and EEOC of the continued discrimination of the Defendant in maintaining a hostile work environment due to his age and disability and the Defendants' continued failure to compensate him for merit increases, the most recent being in October of 2007 upon his return from work.

44. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has been deprived of all the benefits and privileges of employment, has suffered extreme mental anguish, pain and suffering, and has caused Plaintiff to suffer damages in an amount to be established at trial.

WHEREFORE, prays for a judgment in his Fourth Claim for Relief against the Defendants as follows:

A.      Declaring the acts of the Defendants hereinabove alleged, violated the provisions of the ADA, ADEA, and their implementing regulations;

B.      Order the Defendants to hire and employ the Plaintiff and provide him with full back pay, front pay, and all related employment benefits;

C.      Award the Plaintiff punitive damages against the Defendants;

D.      Order the Defendant District to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and

16

which eradicate the effects of its past and present unlawful

employment practices.

E.    Award the Plaintiff all his costs in this action, including but not

limited to a reasonable attorney fee.

## FIFTH CLAIM FOR RELIEF
## VIOLATIONS OF CONSTITUTIONAL RIGHTS PROTECTED BY THE
## FOURTEENTH AMENDMENT

45.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1

through 44 as if herein specifically set forth.

46.  Defendants' actions described herein resulted in the taking of Plaintiff's

property without due process of law and in violation of the Due Process Clause of the

Fourteenth (14th) Amendment to the United States Constitution, as well as a violation of

Plaintiff's right to the equal protection of the laws under the Equal Protection Clause of

the Fourteenth (14th) Amendment to the United States Constitution. Defendants further

deprived Plaintiff of his liberty and property interests secured under the Defendant

District's own policies and procedures in the following particulars, to wit: (a) the

Defendants' denial of guaranteed salary and merit increases in violation of its own

policies and procedures while granting those increases to individuals who were younger

and did not have a disability; the creation and maintenance of a hostile and abusive

workplace environment due to the Plaintiff's disability and age despite repeated efforts

by Plaintiff to have the District Defendant eliminate the practices, conduct, and

derogatory patterns of speech engaged in by Defendant Hemschemeyer.

17

47. The pattern of the above-described actions of its Vice-President of Human Resources undertaken with a malice and deliberate indifference to the federally protected statutory rights under the ADA, ADEA, and Title VII and his constitutional rights of substantive and procedural due process as guaranteed by the Fourteenth (14th) Amendment to the United States Constitution which was known, tolerated, accepted, and ratified by the Defendant District's President became the official policy, practice, and custom of the Defendant District, and violated his constitutionally protected property expectancy in employment without due process of law and equal protection of the law; damaged his constitutionally protected property and liberty interests in his name and profession; and stigmatized him.

48. As a direct and proximate result of the injuries sustained through the actions of the Defendant District and the Defendant Hemschemeyer Plaintiff has experienced pain and suffering, mental anguish and distress; and will continue to experience pain, suffering, mental anguish, and distress in the future.

49. As a further direct and proximate result of Defendants' violations of the Plaintiff's rights, Plaintiff has incurred expenditures for counseling due to the extreme stress, mental anguish and emotional distress, and will incur additional expenses for counseling in the future in an amount not yet ascertained.

50. As a direct and proximate result of the actions of the Defendant Hemschemeyer and officials of the Defendant District, as hereinbefore alleged, the Plaintiff has suffered an exacerbation of his pre-existing mental disability.

51. As a further direct and proximate result of the injuries caused by the actions of the employees and officials of the District, Plaintiff has suffered special damages in the amount of $15,000.00 in lost compensation in the denial of merit salary increases.

WHEREFORE, Plaintiff prays for judgment in his Fifth Claim for Relief against the Defendants jointly and severally in the amount of such special damages in the amount of $15,000.00, general damages in the amount of $325,000.00 and punitive damages in the amount of $550,000.00, prejudgment interest thereon, an award of attorney fees under 42 U.S.C. § 1988, together with his costs herein expended.

DATED this 14th day of April 2008

WILLIAM DAVID CLEMENTS, Plaintiff

BY:/s/Bruce G. Mason
    Bruce G. Mason, NSBA # 12626
    Mason Law Office
    1505 South 108th Street
    Omaha, Nebraska 68144
    Telephone: (402) 397-1050
    Fax: (402) 397-0517
    Email: Bmasonlaw@cox.net

**ATTORNEY FOR PLAINTIFF**

**DESIGNATION OF PLACE OF TRIAL AND DEMAND FOR JURY TRIAL**

Plaintiff hereby designates Omaha as the place of trial and requests a jury trial in the above-entitled matter.

19