IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM DAVID CLEMENTS, | ) | CASE NO.: 8:08CV165 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| METROPOLITAN UTILITIES DISTRICT, a political subdivision, JOHN HEMSCHEMEYER, Vice President of Human Resources, individually and in his official capacity, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER having come before the Court upon the Stipulated Motion for Entry of Protective Order and the Court being duly advised of the premises herein,

IT IS HEREBY ORDERED that the motion [21] is granted, as follows:

1. The parties anticipate that the parties may seek information which may contain medical information, customer information, proprietary business and financial information, certain personnel information, and/or trade secrets [hereinafter "Confidential Information"]. Any documents produced or information provided by a party in response to any discovery request may be designated as "confidential" in the following manner if said documents contain customer information, proprietary business and financial information or individual tax information, personnel information (protectable personnel information shall not generally include non-privileged:  application information, disciplinary actions, relevant investigatory documents, or performance evaluations of Plaintiff's supervisor or any valid comparator), confidential medical information, insurance information, and/or trade secrets:

    a. By imprinting the word "confidential" on the first page or cover of any document produced;

    b. By imprinting the word "confidential" next to or above any answer to any Interrogatory;

    c. With respect to portions of a deposition transcript, by making arrangements with the attending court reporter to bind the confidential portion(s) of such transcripts separately and labeling them as "confidential;" and

    d.  With respect to electronic information, by noting in a separate writing, or in answer to any discovery request or disclosure under Fed.R.Civ.P. 26, that such information is designated as "confidential."

2. To the extent feasible, certain personal identifying information such as Social Security numbers and account numbers may be redacted from documents so as not to require classifying documents which contain such information to be treated as Confidential.

3. All documents and information provided by a party through discovery designated as "confidential" by imprinting the word "Confidential" on the documents produced shall be subject to the following restrictions:

    a.  They shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever;

    b.  They shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

        (1) The attorneys of record and persons employed by them;

        (2) Outside experts who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph (d) hereof;

        (3) The parties or their representatives, provided that confidential documents containing personally identifiable information about current or former employees of Defendant may not be disclosed without the prior consent of the Defendant or upon Court order;

        (4) This Court and Court personnel; and

        (5) Such other persons as the Court may specifically approve after notice and hearing.

    c.  That all information designated as "Confidential Information" in whatever format shall be furnished only under the terms of this Protective Order and shall be treated by all persons to whom Confidential Information is disclosed and all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent order of the Court.

    d.  It is further ordered that this Confidential Information shall not be further disclosed to anyone except those categories of persons provided herein and who have signed a Nondisclosure Agreement and to whom disclosure is necessary for the purposes associated with this lawsuit.  Counsel of record and other persons or entities retained to assist in this lawsuit who have signed a Nondisclosure Agreement shall appropriately notify such persons or entities that the disclosure is made in confidence and must be kept in confidence in accordance with this Protective Order.

  e. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by Defendant or order of the Court.

  f. No access to Confidential Information shall be provided to any individual until the individual to be accorded access has signed a Nondisclosure Agreement in the form attached as Exhibit "A", attached hereto, certifying that they have read this Protective Order and agree to be bound by its terms and such executed Nondisclosure Agreement has been provided to defense counsel.

  g. In the event Defendant learns of information which causes it to have a good faith concern that a signatory to a Nondisclosure Agreement is employed by or affiliated with any business or enterprise that is a competitor of Defendant or otherwise poses a threat that disclosure of Confidential Information to the signatory will create a reasonable risk that the information could be used in a manner that could harm Defendant's business interests, Defendant may file an objection to disclosure of Confidential Information to such signatory with the Court. In such an event, no Confidential Information will be provided to such signatory until the Court determines whether disclosure will be permitted.

  h. Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel desire to present to the Court or at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

  i. There shall be no reproduction whatsoever of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

  j. All documents, information identified as "confidential," including all copies, excerpts and summaries, must be retained in the custody of counsel during the pendency of this litigation.

  4. Acceptance by a party of any information, document or thing identified as "confidential" hereunder shall not constitute a concession that the information, document or thing is confidential. If, subsequent to the acceptance of information or documents identified as confidential, a party wishes this Court to rule upon the other party's claim of confidentiality, that party may move this Court for such determination. In the resolution of such motion, the burden of establishing the confidentiality of the information or document shall be on the party who made the claim of confidentiality. However, materials designated as confidential shall be treated as such pending resolution of the motion by the Court. Nothing herein shall preclude either party from challenging in court the confidential status of any document.

      5. In the event that a party shall desire to provide access to information or documents identified as "confidential" hereunder to any person or category of persons not identified above, it shall move this Court for an order that such a person or category of persons may be given access to the information. In the event that the motion is granted, such person or category of persons may have access to the information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Protective Order, or other conditions as the Court may order.

      6. Upon final termination of this action, including all appeals, all confidential documents, and any other confidential information, provided in discovery, including any copies, excerpts, or summaries thereof that have been prepared by the parties, their counsel, and other persons or entities retained to assist either of the parties in this litigation, shall be returned to disclosing counsel. No copies shall be retained by a non-disclosing party's counsel or other individuals retained to assist them in this litigation. Counsel shall keep an accurate record of all copies, excerpts or summaries of Confidential Information made by counsel and any other person retained to assist in this litigation. The language contained in this paragraph shall not preclude counsel from retaining documents constituting attorney work product as defined by applicable law. In the event copies of Confidential Information provided in discovery, including any copies or excerpts or summaries thereof, contain counsel's work product, counsel shall obliterate its work product and return such documents to disclosing counsel in accordance with the provisions of this paragraph.

      DATED August 22, 2008.

                                      BY THE COURT:

                                      s/ F.A. Gossett
                                      United States Magistrate Judge

Approved as to Form and Content:

| | |
|---|---|
| s/ Sherman P. Willis | s/ Bruce G. Mason |
| Robert F. Rossiter, Jr. | Bruce G. Mason |
| Sherman P. Willis | MASON LAW OFFICE |
| FRASER STRYKER PC LLO | 1505 South 108th Street |
| 500 Energy Plaza | Omaha, Nebraska 68144 |
| 409 South 17 Street | (402) 397-1050 |
| Omaha, Nebraska 68102-2663 | Attorney for Plaintiff |
| (402) 341-6000 | |
| Attorneys for Defendant | |

NONDISCLOSURE AGREEMENT

I, _____, certify that I have read the Protective Order entered in the case of _____. I understand the terms of that Protective Order and I agree to be bound by its terms.

_____

EXHIBIT A